SYLLABUS

This syllabus is not part of the Court's opinion.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**Allstate New Jersey Insurance Company v. Carteret Comprehensive Medical Care, P.C.** (A-74/75/76-24) (090337)

**(NOTE:  The Court did not write a plenary opinion in this case.  The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Gilson's opinion, published at 480 N.J. Super. 566 (App. Div. 2025).)**

**Argued January 22, 2026 -- Decided July 21, 2026**

**PER CURIAM**

In this appeal, the Court considers whether claims of insurance fraud under the Insurance Fraud Prevention Act (the Fraud Act) and the New Jersey Anti-Racketeering Act (RICO) are subject to arbitration under the Automobile Insurance Cost Reduction Act (AICRA).

Plaintiffs, six related insurance companies (collectively, Allstate), sued defendants, several medical practices and physicians, alleging that they conspired to obtain over $1.7 million in personal injury protection (PIP) benefits from Allstate through fraudulent and misleading medical claims.  The trial court dismissed those claims and ordered arbitration, reasoning that AICRA's language requires arbitration of all disputes around the recovery of PIP benefits.

The Appellate Division reversed.  480 N.J. Super. 566 (App. Div. 2025).  The court reviewed the relevant portions of the Fraud Act, RICO, and AICRA, including the AICRA provisions that permit parties to submit to dispute resolution "[a]ny dispute regarding the recovery of . . . benefits provided under [PIP] coverage . . . arising out of the operation, ownership, maintenance, or use of an automobile," N.J.S.A. 39:6A-5.1(a), and that set forth a "not necessarily" exhaustive list of "the type of disputes covered by PIP arbitration, id. at (c).  See 480 N.J. Super. at 577-81.

The court noted the parties' dispute as to whether the "streamlined and specialized" PIP arbitration process "can grant the relief called for in the Fraud Act and RICO."  Id. at 583-84.  The court explained that the Fraud Act "allows for the recovery of compensatory damages, investigative expenses, costs, attorneys' fees, and, where a pattern of fraud is established, treble damages," while RICO allows

1

"private persons to bring a civil action in 'court' to recover damages and to seek injunctive relief." Id. at 582-83. PIP arbitrators, on the other hand, lack authority to grant equitable relief, and there are "serious questions" as to whether they may order broad discovery, allow for joinder of third parties, or "award compensatory damages, treble damages, or attorneys' fees to an insurer." Id. at 583-85.

After reviewing the discrepancies between what PIP arbitration permits and what the Fraud Act and RICO call for, the appellate court reasoned that "[t]he Fraud Act, RICO, and AICRA can be harmonized when the language used in each statute is considered and construed in the context of the legislative goals" of each act. Id. at 585. The Appellate Division thus concluded that "claims under the Fraud Act or RICO do not fall within the ambit of PIP arbitration under AICRA." Ibid. "In short, the current PIP arbitration set up under AICRA is designed for limited disputes over the timely payment of PIP benefits. That arbitration process is not set up to handle complex insurance fraud claims." Ibid.

The Appellate Division rejected certain defendants' argument that they have a right to arbitrate under Allstate's Decision Point Review Plans, finding that, as a matter of state law, the arbitration provisions in those Plans -- "mandated by regulations promulgated under AICRA" -- "are no broader than the statutory PIP arbitration established by AICRA" itself. Id. at 587-88. The appellate court explained that its interpretation of AICRA also avoids the constitutional issue raised by Allstate -- that its right to a jury trial under the Fraud Act and RICO would be violated "if AICRA is interpreted to require its insurance fraud claims to be arbitrated." Id. at 588-89. Finally, the Appellate Division noted that "[t]he Third Circuit has recently . . . held that claims under the Fraud Act are arbitrable under AICRA." See id. at 590 (citing Gov't Emps. Ins. Co. v. Mt. Prospect Chiropractic Ctr., 98 F.4th 463 (3d. Cir. 2024)). The appellate court explained that it disagreed with the Third Circuit's analysis and that, because it bases its holding on New Jersey law, it is not bound by the Circuit Court's decision. Id. at 590-91.

The Appellate Division reversed and vacated the orders compelling arbitration and remanded the case to the trial court, instructing that the complaint be reinstated and that Allstate be allowed to pursue all claims in the Law Division, with the right to a jury trial. Id. at 591. The Court granted certification. 261 N.J. 163 (2025).

**HELD:** The judgment of the Appellate Division is affirmed substantially for the reasons expressed in that court's opinion.

**AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in this opinion.**

2

SUPREME COURT OF NEW JERSEY
A-74/75/76 September Term 2024
090337

Allstate New Jersey Insurance
Company, Allstate New Jersey
Property and Casualty
Insurance Company, Allstate
Insurance Company, Allstate
Fire & Casualty Insurance
Company, Allstate Northbrook
Indemnity Company, and Allstate
Property and Casualty
Insurance Company,

Plaintiffs-Respondents,

v.

Carteret Comprehensive
Medical Care, PC, d/b/a Monroe
Comprehensive Medical Care,
d/b/a Comprehensive Medical
Care, d/b/a Fassst Sport, d/b/a
Comprehensive Vein Care,
Inimeg Management Company,
Inc., 311 Spotswood-Englishtown
Road Realty, LLC, 72 Route 27
Realty, LLC, Same Day
Procedures, LLC, Mid-State
Anesthesia Consultants, LLC,
North Jersey Perioperative
Consultants, PA, Interventional
Pain Consultants of North
Jersey, LLC, d/b/a Pain Management
Physicians of New Jersey, d/b/a
Metro Pain Centers, d/b/a Metro
Pain and Vein, Sood Medical

1

Practice, LLC, One Oak Medical
Group, LLC, d/b/a New Jersey Vein
Treatment Clinic, One Oak
Orthopaedic & Spine Group, LLC,
One Oak Holding, LLC, Joseph
Bufano, Jr., D.C., Christopher
Bufano, Micah Lieberman, D.C.,
Richard J. Mills, M.D., Jennifer M.
O'Brien, Esq., Gerald M. Vernon,
D.O., D.C., Alvin F. Micabalo, D.O.,
Jose Campos, M.D., John S. Cho,
M.D., Michael C. Dobrow, D.O.,
Rahul Sood, D.O., Sachin Shah,
M.D., Faisal Mahmood, M.D., Ravi
K. Venkataraman, M.D., Manglam
Narayanan, M.D., and Shanti
Eppanapally, M.D.,

Defendants-Appellants.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
480 N.J. Super. 566 (App. Div. 2025).

| Argued | Decided |
|---|---|
| January 22, 2026 | July 21, 2026 |

Brian M. Block argued the cause for appellants Mid-State
Anesthesia Consultants, LLC, Interventional Pain
Consultants of North Jersey, LLC, d/b/a Pain
Management Physicians of New Jersey, d/b/a Metro Pain
Centers, d/b/a Metro Pain and Vein, Sood Medical
Practice, LLC, Rahul Sood, D.O., and Sachin Shah, M.D.
(Mandelbaum Barrett, attorneys; Brian M. Block,
Andrew Gimigliano, and Mohamed H. Nabulsi, on the
briefs).

Jeffrey Randolph argued the cause for appellants Carteret
Comprehensive Medical Care, PC, d/b/a Monroe

2

Comprehensive Medical Care, d/b/a Comprehensive Medical Care, d/b/a Fassst Sport, d/b/a Comprehensive Vein Care, Inimeg Management Company, Inc., 311 Spotswood-Englishtown Road Realty, LLC, and 72 Route 27 Realty, LLC (Law Office of Jeffrey Randolph, attorneys; Jeffrey Randolph and Anna Skowronska, on the briefs).

Calcagni & Kanefsky, attorneys for appellant John S. Cho, M.D. (Eric T. Kanefsky, Kevin J. Musiakiewicz, and Philip J. Morrow, on the briefs).

David N. Cinotti argued the cause for respondents (Pashman Stein Walder Hayden, and McGill & Hall, attorneys; David N. Cinotti, Michael S. Stein, Darcy Baboulis-Gyscek, and Thomas Hall, on the briefs).

Jeffrey S. Posta, Deputy Attorney General, argued the cause for amici curiae The New Jersey Department of Banking and Insurance and The New Jersey Office of the Insurance Fraud Prosecutor (Jennifer Davenport, Acting Attorney General, attorney; Jeremy M. Feigenbaum, Solicitor General, and Tim Sheehan, Janet Greenberg Cohen and Adedayo Adu, Assistant Attorneys General, of counsel, and Jeffrey S. Posta, on the briefs).

Thomas O. Mulvihill submitted a brief on behalf of amici curiae The Insurance Council of New Jersey and American Property Casualty Insurance Association (Methfessel & Werbel, attorneys; Thomas O. Mulvihill, on the brief).

Daniel S. Hunczak submitted a brief on behalf of amicus curiae Coalition Against Insurance Fraud (Bruno Gerbino Soriano & Aitken, attorneys; Daniel S. Hunczak, on the brief).

William L. Brennan submitted a brief on behalf of amicus curiae Citizens United Reciprocal Exchange (Brennan,

3

Kilbride & Scialabba, attorneys; William L. Brennan, on the brief).

PER CURIAM

We affirm the Appellate Division's judgment substantially for the reasons expressed in Judge Robert J. Gilson's comprehensive opinion, <u>Allstate N.J. Ins. Co. v. Carteret Comprehensive Med. Care, PC</u>, 480 N.J. Super. 566 (App. Div. 2025).

CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in this opinion.